**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | **No. 13-487-1** |
| **CLIFTON MCLEAN** | : | **CIVIL ACTION** |
| | : | **No. 19-4090** |

McHUGH, J.                                                                                                   December 16, 2020

## MEMORANDUM

Defendant Clifton McClean was convicted of Hobbs Act robbery, drug offenses, unlawful possession of a firearm, and carrying a firearm in relation to drug trafficking and a crime of violence. The conviction arose out of a so-called "stash house sting" operation, where an undercover agent approaches a suspect and presents the opportunity to participate in an armed robbery the object of which would be to steal a large quantity of drugs. His direct appeal was denied, and he is now before the Court with a *pro se* motion for relief under 28 U.S.C. §2255. The challenges he brings lack merit, and his motion will therefore be denied.

### I.     *Rehaif* Claim

Mr. Mclean challenges his conviction under § 922(g)(1) for possession of a firearm by a felon, relying on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  There, the Supreme Court concluded that, in enacting § 922(g), Congress required the Government to prove that the defendant knowingly possessed a firearm and that he knew of the legal status that made such possession unlawful.  *Id.* at 2195.  Mr. Mclean appears to claim that he was unaware of his status as a felon at the time of the offense.

Notably, Defendant did not raise this claim at trial or on appeal, and it is procedurally defaulted unless he fits within an exception. To prevail, he must show both "cause" for the default and "actual prejudice." *Bousley v. United States*, 523 U.S. 614, 622 (1998). It is of little consequence that the argument that prevailed in *Rehaif* had previously been denied by circuit courts. As the Supreme Court stated in *Bousley*, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," *id.* at 623, unless the "claim 'is so novel that its legal basis is not reasonably available to counsel." *Id.* at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Here, it cannot be said that the question in *Rehaif* was novel where it was repeatedly litigated in circuit courts. *See United States v. Rehaif*, 888 F.3d 1138, 1144 (11th Cir. 2018), *rev'd Rehaif v. United States*, 139 S. Ct. 2191 (2019).

Nor does ineffective assistance of counsel suffice to excuse the default, as counsel is not expected to foresee every change in the law. *See United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015); *Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996). As stated by the Supreme Court in the context of § 2254, "it will often be the case that even the most informed counsel will fail to anticipate a state appellate court's willingness to reconsider a prior holding or will underestimate the likelihood that a federal habeas court will repudiate an established state rule." *Smith v. Murray,* 477 U.S. 527, 536 (1986) (internal citation omitted). However, "as *Strickland v. Washington* made clear, '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* Without more, I cannot find that counsel was ineffective in Defendant's case.

The remaining question then is whether Mr. Mclean can prevail under the doctrine of "actual innocence." *Bousley,* 523 U.S. at 623. This would require him to show that it was "more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). In *Bousley,* the Supreme Court made clear that this standard takes into account the Government's ability to prove the required element of the charge. 523 U.S. at 623-24. *Rehaif* requires only proof that the defendant knew his *status* as a person previously convicted of a crime punishable by more than a year in prison; it does not require proof that the defendant knew that his firearm possession was illegal. 139 S. Ct. at 2196. In this case, the presentence report established that in 2003, McLean was convicted in Luzerne County of three separate felony offenses of possession with intent to deliver a controlled substance. He received consecutive sentences in these cases – 1 to 2 years in two of the cases, and 3 to 6 years in the third – which added up to an aggregate term of 5 to 10 years. He was in prison for over four years, until October 15, 2007. PSR ¶¶ 44, 45, 47. Thus, Mr. McLean not only knew that he was previously convicted of a crime punishable by more than one year in prison, as required by *Rehaif*, but he indisputably actually served many years in prison as a result of his felony convictions. On this record, he can hardly show that he was unaware of his felon status, and thus cannot establish actual innocence under the *Rehaif* standard. 139 S. Ct. at 2196.

## II.   924(c) Conviction

Mr. McLean challenges his conviction under 18 U.S.C. § 924(c) (Count Five), following *United States v. Davis,* 139 S. Ct. 2319 (2019), a decision that invalidated part of the definition in Section 924(c) of predicate offenses. Mr. Mclean is correct that in this case part of the instruction to the jury as to predicate offenses were erroneous under *Davis.*

There is, however, no need to explore the intricacies of these issues. The case is before me on collateral review. The standard is whether the flaw in the instructions "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, (1993). In this case it did not. That is because a conviction under §924(c) can be supported *either* by a crime of violence or a drug trafficking offense. The jury here convicted Mr. Mclean of an attempt to possess with intent to distribute five kilograms or more of cocaine in connection with the stash house robbery for which he was carrying a gun. Given that finding of guilt beyond a reasonable doubt, any error in the instructions as to the Hobbs Act is irrelevant, because the requirements of Section 924(c) were indisputably met by his conviction on the drug offense.

### III.   Ineffective assistance – hearsay

Mr. Mclean argues that is counsel was ineffective in failing to object to testimony from the Government's case agent that his confidential informant that "was looking for something to get into, something to that effect, like he was looking for something to take." The prosecution did not make any further reference to this statement, and at trial it was clearly offered as background to explain how Mclean became the focus of further investigation. Had counsel objected, I would undoubtedly have given a cautionary instruction that the content itself was hearsay, and it should only be considered by the jury as an explanation for how the undercover operation developed. But counsel's failure to object hardly warrants setting aside the verdict.

Under *Strickland v. Washington,* 466 U.S. 668 (1984), a defendant must establish prejudice stemming from counsel's inadequacy. Here, the Government does not overstate the

record in referring to an "avalanche" of evidence, ECF 187. P. 14, by virtue of the fact that the case arose out of a "sting" operation, so that there is audiotape and videotape to prove virtually every essential element of the crime. Defendant's interest in "something to take" was repeatedly established through his own words captured by the undercover agent. There was no conceivable prejudice arising out of the agent's introductory comments about the investigation when the evidence of guilt was so overwhelming.

### IV. Multiplicity of Counts

Finally, Mr. Mclean argues that his trial counsel was ineffective in not objecting to the imposition of multiple punishments for attempt and conspiracy. Specifically, he argues that conspiracy and attempt are merely alternative means of violating 18 U.S.C. § 1951 (the Hobbs Act) and 21 U.S.C. § 846 (drug trafficking).

I recently considered and rejected a similar argument in *United States v. Irving,* 316 F. Supp. 3d 879, 894 (E.D. Pa. 2018). I reasoned that "the elements of conspiracy require proof of 'a unity of purpose between the alleged conspirators, an intent to achieve a common goal, and an agreement to work together toward that goal.' *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999) (emphasis added) (citing 21 U.S.C. § 846). Attempt, on the other hand, 'requires the specific intent to commit a crime . . . and a substantial step towards the commission of that crime.' *United States v. Pavulak,* 700 F.3d 651, 669 (3d Cir. 2012) (emphasis added). Each requires proof of an element that the other does not, and each is therefore separately punishable." The Government has cited cases from other circuits reaching the same result. *United States v. Crowder*, 588 F.3d 929, 939 (7th Cir. 2009); *United States v. Boykins,* 966 F.2d 1240, 1245 (8th Cir. 1992); *United States v. Barrett,* 933 F.2d 355, 360-61 (6th Cir.1991); *United States v. Savaiano,* 843 F.2d 1280, 1293 (10th Cir. 1988). *See also United States v. Farhane,* 634 F.3d

127, 153 (2d Cir. 2011) (finding that conspiracy and attempt are separate under the *Blockburger* test).  The same analysis applies here.

Moreover, the Government is correct that because of the way in which I structured Mr. Mclean's sentence, with all the terms except one running concurrently, eliminating the sentences he challenges here would not have any practical effect on the overall length of his sentence.[1]

For these reasons, Mr. Mclean has not established any entitlement to relief.  An order follows.

/s/   Gerald Austin McHugh
United States District Judge

---

[1] In fact, I refused to impose one mandator minimum term on the ground that to do so would violate principles of substantive due process.  199 F. Supp. 3d 926 (E.D.Pa. 2016)