# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 13-487 |
| CLIFTON MCLEAN | : | |

**McHUGH, J.**                                                              **May 11, 2021**

## MEMORANDUM

This is a motion for compassionate release under 18 U.S.C. § 3582.[1] Petitioner Clifton McLean was found guilty of conspiracy to commit robbery which interferes with interstate commerce, 18 U.S.C. § 1951(a), attempted robbery which interferes with interstate commerce and aiding and abetting, 18 U.S.C. §§ 1951(a), 2, conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 846, 841(b)(1)(A), attempted possession with intent to distribute 500 grams or more of cocaine and aiding and abetting, 21 U.S.C. §§ 846, 841(b)(1)(B), 2, carrying a firearm in relation to a crime of violence and drug trafficking offense and aiding and abetting, 18 U.S.C. §§ 924(c), 2, and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e). With a total offense level of 37 and a criminal history category of VI, he faced a guideline range of 35 years to life imprisonment.

---

[1] Mr. McLean has also requested the appointment of counsel. As I have previously discussed at length, although there is a basis for the appointment of counsel in compassionate release cases under the Criminal Justice Act, the Third Circuit has not established a standard for doing so. *See United States v. Dorsey,* No. CR 14-323-1, 2021 WL 603035, at *1 (E.D. Pa. Feb. 16, 2021). However, in the context of motions under the First Step Act, a non-precedential panel applied the same standard followed in deciding motions for counsel under 28 U.S.C. § 1915(e)(1). *See United States v. Gibbs,* 787 Fed.Appx. 71 (3d Cir. 2019). That standard, established by *Tabron v. Grace,* 6 F.3d 147, 155–57 (3d Cir. 1993), sets forth several factors a district court should consider. Under that standard, as a threshold matter, I must determine whether Mr. McLean's claim "has some merit in fact and law." Id. at 155. *Accord, Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir. 2002). As will be discussed in detail below, his petition has no factual merit, and I will therefore deny the motion for appointment of counsel accordingly.

Mr. McLean's crimes arose as part of an undercover "sting" operation, where he professed his willingness to rob a drug stash house that was invented entirely by Government agents. Because the conspiracy involved 5 kilograms of cocaine, and as McLean had been previously convicted of a felony drug offense, he also faced a mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A). I refused to impose this term on constitutional grounds, stating that doing so would violate principles of substantive due process. 199 F. Supp. 3d 926, 943 (E.D. Pa. 2016). Ultimately, I imposed a sentence of 19 years, well below the Guideline range. *See* ECF 163. Mr. McLean has served approximately 103 months of that sentence. Having properly exhausted his administrative remedies, he now seeks release due to his medical circumstances, the severity of his sentence, and the need to assist in the care of his disabled grandmother. *See* Mot. Compassionate Release, ECF 191; Letter from Alice McLean to the Court (Apr. 4, 2020) (on file). For the reasons stated below, the motion will be denied.

The statute requires "extraordinary and compelling reasons" to grant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). After reviewing Mr. McLean's motion, along with his medical records, I cannot say that his medical conditions rise to that level. *See* Govt. Resp. Opp'n, Ex. A, ECF 195. Defendant is overweight (with a body mass index of 29) and has the sickle-cell trait. The Centers for Disease Control and Treatment ("CDC") has stated that obesity and sickle cell disease are associated with an increased risk of severe cases of COVID-19.[2] The CDC has not declared, however, that the sickle cell *trait* enhances the danger posed by the virus. Furthermore, although Mr. McLean qualifies as overweight, I am also cognizant of the fact that McLean received the Johnson and Johnson vaccine on April 28, 2021, which the Food and Drug

---

[2] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Administration recognizes as highly effective against COVID-19.[3] For these reasons, I do not find that Mr. McLean's weight and status as a carrier of the sickle cell trait present "extraordinary and compelling" reasons for release.

Nor has Defendant presented the Court with family circumstances that would justify early release. Mr. McLean's mother serves as the primary caregiver for his 80-year-old grandmother. Ms. McLean (Defendant's mother) was recently rear ended in an auto accident, which has required her to attend therapy and doctor appointments. It appears, however, that Ms. McLean has continued to care for her mother despite her injuries. On this basis, and given the factors described below, I cannot find that Defendant is the only suitable caregiver for his grandmother and that his family circumstances necessitate release. *See United States v. Neal*, No. 2:08-CR-00628-5, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020) (Gallagher, J.) (observing that "[a] defendant has the burden of establishing circumstances warranting his release"); *United States v. Moore*, No. 14-209-2, 2020 WL 7024245, at *5 (E.D. Pa. Nov. 30, 2020) (Kearney, J.) (petitioner failed to demonstrate extraordinary circumstances where he had a younger sister and cousin otherwise capable of taking care of his mother).

Overall, I must conclude that an analysis of all pertinent factors, including those set forth in 18 U.S.C. § 3553(a) weighs against granting Defendant's petition. Mr. McLean's submissions suggest deep remorse regarding his crimes, as well as evidence of his rehabilitation. Even so, I cannot ignore the fact that his offenses are serious—McLean conspired to rob more than five kilograms of cocaine from a drug stash house, secured two weapons for that purpose, and while *en route* to the purported stash house was captured on video professing his willingness to commit murder if that became necessary during the course of the robbery. Defendant has also served less

---

[3] *See* Food and Drug Administration, Letter of Authorization for Janssen COVID-19 Vaccine, https://www.fda.gov/media/146303/download.

3

than half of his sentence, which was already subject to a steep downward variance from the Guidelines. Furthermore, having reviewed multiple decisions from many district judges, Mr. McLean's case falls outside the matrix where release was granted. It is instead analogous to cases where relief was denied. *See United States v. Tolbert*, No. 10-633-2, 2021 WL 1193369, at *2, *2 n.3 (E.D. Pa. Mar. 30, 2021) (denying petition where Defendant had served less than half of his sentence, had the sickle cell trait, and suffered from obesity and asthma); *United States v. Fields*, Nos. 6-155-3, 06-490-2, 2020 WL 7640941, at *2 (E.D. Pa. Dec. 23, 2020) (denying petition where Defendant had the sickle cell trait and had served 60 percent of his sentence); *United States v. Parnell*, No. 12-418-6, 2021 WL 148519, at *5 (E.D. Pa. Jan. 15, 2021) (denying petition where the defendant had obesity, asthma, hypertension and pre-diabetes but had conspired to rob a safehouse and stated that he would shoot the occupants if challenged).

Given the seriousness of Mr. McLean's offenses, the need to impose appropriate punishment, and considering his current medical conditions, his release cannot be justified on the record as it now stands. For these reasons, the motions will be denied.

    /s/ Gerald Austin McHugh
United States District Judge