### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL ACTION NO. 13-487-1** |
| | **:** | |
| **CLIFTON MCLEAN** | **:** | |

**McHUGH, J.**                                                                                   **FEBRUARY 24, 2026**

### <u>MEMORANDUM</u>

Petitioner Clifton McLean was found guilty of conspiracy to commit robbery which interferes with interstate commerce, 18 U.S.C. § 1951(a), attempted robbery which interferes with interstate commerce and aiding and abetting, 18 U.S.C. §§ 1951(a), 2, conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 846, 841(b)(1)(A), attempted possession with intent to distribute 500 grams or more of cocaine and aiding and abetting, 21 U.S.C. §§ 846, 841(b)(1)(B), 2, carrying a firearm in relation to a crime of violence and drug trafficking offense and aiding and abetting, 18 U.S.C. §§ 924(c), 2, and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e).  With a total offense level of 37 and a criminal history category of VI, he faced a guideline range of 35 years to life imprisonment.

Mr. McLean's crimes arose as part of an undercover "sting" operation, where he professed his willingness to rob a drug stash house that was invented entirely by Government agents. Because the conspiracy involved 5 kilograms of cocaine, and as McLean had been previously convicted of a felony drug offense, he also faced a mandatory minimum.  *See* 21 U.S.C. § 841(b)(1)(A).  I refused to impose this term on constitutional grounds, stating that doing so would violate principles of substantive due process.  199 F. Supp. 3d 926, 943 (E.D. Pa. 2016). Ultimately, I imposed a sentence of 19 years, well below the Guideline range.  *See* ECF 163, 176.

Since then, Mr. Mclean has unsuccessfully moved for release pursuant to Section 2255, and then for compassionate release. See ECF 184, 191. In denying his motion under Section 2255, I rejected an argument that his underlying convictions were insufficient predicates to support 924(c) liability. He now brings another motion pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that *United States v. Taylor*, 596 U.S. 845 (2022) requires reconsideration of my earlier ruling. This argument lacks merit and would in any case be procedurally barred.

*Taylor* involved attempted Hobbs Act robbery. In this case, in addition to prior crimes of violence, Mr. Mclean had two predicate offenses in the form of "drug trafficking" crimes, which Section 924(c)(2) defines as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951et seq.), or chapter 705 of title 46." *Taylor* does nothing to undermine the validity of these offenses for purposes of the application of Section 924 (c).

In addition to the current motion lacking substantive merit, it suffers from procedural defects as well. Rule 60 has limited applicability to criminal cases because of the prohibition against successive habeas petitions. The Supreme Court has specially cautioned that "a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). Thus, in the Third Circuit, Rule 60 may only be employed where the "motion attacks the *manner* in which the earlier habeas judgment was procured and not the underlying conviction." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (emphasis added).

Finally, the motion is untimely.  If Mr. Mclean's argument is characterized as challenging a mistake of law, *see Kemp v. United States*, 596 U.S. 528, 534 (2022), a one-year time limitation would apply, running either from the date his earlier § 2255 motion was denied, in December of 2020, ECF 190, or when *Taylor* was decided, in 2022.  The same result would follow even if the "reasonable time" provision of Rule 60(c) were applied instead, because the delay here cannot be characterized as reasonable.  *See, e.g.*, *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding that two years was not "reasonable time" for Rule 60(b) purposes); *Gonzalez*, 545 U.S. at  536–37 (criticizing petitioner for 9-month delay.)

Mr. Mclean has not demonstrated any ground for relief beyond the substantial downward variance he received at sentencing, and his motion must be denied.  An appropriate order follows.

 /s/ Gerald Austin McHugh
United States District Judge